IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH SMITH and DAWN SMITH,<br><br>　　　　Appellants,<br><br>　　v.<br><br>SIPI, LLC, and MIDWEST CAPITAL INVESTMENTS, LLC,<br><br>　　　　Appellees,<br><br>　　and<br><br>HAROLD MOSKOWITZ,<br><br>　　　　Appellant,<br><br>　　v.<br><br>KEITH SMITH and DAWN SMITH,<br><br>　　　　Appellees, | Case Nos. 13 C 6422 and 14 C 1034<br><br>Judge Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Appellants Keith and Dawn Smith's (the "Smiths") Motion for Rehearing [ECF No. 29]. The Smiths have also filed a Motion for Leave to Rile a Reply Brief [ECF No. 36]. For the reasons stated herein, the Motion for Leave to File a Reply is granted, but the Motion for Rehearing is denied.

## I. BACKGROUND

Appellants Keith Smith and Dawn Smith sought to use the fraudulent transfer provision of the Bankruptcy Code to avoid the sale of their house pursuant to Illinois tax law. The house, which Dawn inherited from her great-grandfather, was encumbered by a tax lien for unpaid real estate taxes for the 2000 tax year. The Smiths did not satisfy the lien and the property was sold at a tax sale to a predecessor of Appellee SIPI, LLC ("SIPI"). SIPI obtained and recorded a tax deed that it subsequently sold to Appellee Midwest Capital Investments, LLC. After filing for bankruptcy, the Smiths initiated an adversary action to avoid the transfer of the home as fraudulent. The Bankruptcy Court ruled in the Smiths' favor. On appeal, however, the Court reversed the bankruptcy court and granted SIPI's Motion to Dismiss the adversary proceeding.

The Smiths now move for a rehearing [ECF No. 29] of the Court's Memorandum Opinion and Order [ECF No. 28]. The Court asked SIPI to respond to the Motion, and after the Motion was fully briefed, the Smiths moved to file a reply brief [ECF No. 36]. The Court grants the Motion to File a Reply but, even after considering that brief, the Court denies the Motion for Rehearing.

## II.  LEGAL STANDARD

Bankruptcy Rule 8015 is "the bankruptcy counterpart to FED. R. CIV. P. 59(e)." *Matter of Grabill Corp.,* 983 F.2d 773, 775 (7th Cir. 1993).  "A party may request a rehearing under Bankruptcy Rule 8015 where it believes that the appellate tribunal has overlooked or misapprehended some point of law or fact." *First Nat. Bank of Omaha v. Sysouvanh,* No. 11-CV-675-wmc, 2014 WL 26274, at *5 (W.D. Wis. Jan. 2, 2014) (internal quotation marks omitted).

"District courts apply a dual standard of review when considering a bankruptcy appeal.  The factual findings of the Bankruptcy Court are reviewed for clear error, while the conclusions of law are reviewed *de novo.*" *Chapman v. Charles Schwab & Co.,* No. 01 C 9697, 00 A 0358, 00 B 5538, 2002 WL 818300, at *2 (N.D. Ill. Apr. 30, 2002).

## III.  ANALYSIS

The Smiths have moved for rehearing of the Court's opinion dismissing their fraudulent transfer case, raising nine arguments in support of their Motion.

First, the Smiths argue that the Court should grant their Motion because of a typographical error.  The Smiths correctly note that the Court stated in one instance that "a tax *creditor* is deemed to have received 'reasonably equivalent value' for the foreclosed property if all of the state's tax foreclosure laws

have been complied with." (emphasis added).  This was an error; the relevant party is the tax debtor, not the creditor.  However, this error is of no consequence because the opinion's analysis focused entirely on whether the tax debtor — here, the Smiths — received reasonably equivalent value.  In fact, just two sentences later the opinion states, "Therefore, the Smiths received reasonable equivalent value."  A simple typographical error that had no effect on the analysis or outcome of the case is not enough to support the Smiths' Motion.

Second, the Smiths assert that the Court was wrong and inconsistent in concluding that (1) it is not "sensible for the Court to try to calculate the consideration received by the tax debtor," and (2) the Smiths received reasonably equivalent value.  The Smiths argue that the Court cited no authority for the first statement and that the first statement is logically inconsistent with the second.  The Smiths' contention that the Court did not cite any authority is completely disingenuous; both the preceding and subsequent sentences include citations to well-reasoned case law that support the proposition.  The Smiths' assertion that the two statements are inconsistent is also disingenuous.  The Court determined that the law allows certain tax debtors, such as those in the Smiths' position, to be deemed to have received equivalent value as a matter of law.  Where such a determination is proper, there is no inconsistency

in holding both that a debtor received reasonably equivalent value and that the Court cannot sensibly calculate the consideration received by the tax debtor.

Third, the Smiths argue that the Seventh Circuit's prior ruling in this case found that the Smiths would be entitled to relief under 11 U.S.C. § 548 if their Complaint's allegations were proven at trial. The Smiths argue that this finding is the law of the case. They are wrong. The Smiths point to language in the Seventh Circuit's ruling that says "Section 522(h) gives debtors-in-possession, *like the Smiths* the same § 548 avoidance powers with respect to involuntary transfers of certain exempt properties, like homesteads." *In re Smith,* 614 F.3d 654, 657 (7th Cir. 2010) (emphasis added). The Seventh Circuit used the phrase "like the Smiths" only when generally describing the powers of a debtor-in-possession to avoid transfers under § 548. *Id.*

More importantly, the Seventh Circuit's decision dealt with a separate motion to dismiss that advanced different arguments from those at issue in the current Motion to Dismiss. The Seventh Circuit explicitly stated that "the issue in this case is when, under Illinois law, was SIPI's tax-buyer interest in the Smith property so perfected that the Smiths could no longer convey a 'superior' interest to a BFP?" *Id.* at 658. The Seventh Circuit concluded only that "the Smiths filed for

bankruptcy, so they have sufficiently pleaded the two-year lookback element of their fraudulent transfer claim." *Id.* at 661. The Seventh Circuit never dealt with the issue in this case: whether the Smiths satisfied the reasonably equivalent value element. Thus, the Seventh Circuit opinion cannot possibly supply the law of the case on this issue. *See, Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168 (1939) ("While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues.").

Fourth, the Smiths argue that the Court overlooked two key portions of the *BFP* case. *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537 (1994). The Smiths first point to the portion of *BFP* that states that "reasonably equivalent value will continue to have meaning (ordinarily a meaning similar to fair market value) outside the mortgage foreclosure context." *Id.* at 545 (internal quotation marks omitted). However, the Supreme Court did not explain what that meaning is; rather, this statement was merely made to explain why its conclusion "[did] not render § 548(a)(2) superfluous." *Id.* The second portion that the Court supposedly "overlook[ed]" was actually quoted in the Court's opinion: "[t]he considerations bearing upon other foreclosures and forced sales (to satisfy tax liens, for example) may be different." *Id.* at 537 n.3. This language says only that tax sales *may* be different, not that they are

different.  Further, the Court's opinion already dealt with the implications of and case law discussing this language.  The Smiths have failed to provide any new arguments the Court did not already address.

Fifth, the Smiths argue that *BFP* required a bidding-up procedure to which Illinois' tax sale procedure does not conform.  The Smiths provide no citation to *BFP* in support of this argument.  Further, the Court discussed in its opinion the importance, or lack thereof, of a competitive bidding process within the *BFP* framework.  Again, the Smiths have failed to provide any new arguments the Court did not already address.

Sixth, the Smiths argue that the Bankruptcy Code should displace Illinois tax law.  They advance this argument in a conclusory manner with no citations to case law or analysis of Illinois' tax sale law.  Further, the opinion already dealt with this issue, noting that "congressional intent to supersede state laws must be clear and manifest" and that the Code includes no such indication with respect to state tax sale law.  Here too the Smiths have failed to provide any new arguments on this issue.

Seventh, the Smiths argue that the Court was wrong to conclude that granting fraudulent transfer relief would be "to the detriment of their creditors."  The Smiths assert that, if they are afforded § 548 relief, (1) unsecured creditors'

positions would be improved and (2) SIPI would not be harmed. The Smiths' first contention misunderstands the relevant inquiry. Of course a transfer of property from one creditor to a bankruptcy estate benefits every creditor that is not giving up property. In this phrase, though, the Court was only referencing the detriment to the creditors that would lose the property, not creditors generally. The Court used the plural "creditors" because there are two creditors in this case that would be harmed if the tax sale were a fraudulent transfer. The Smiths' second contention is immediately undercut by their own admission that both Appellees would be "forced to surrender" a "self-admitted windfall." This admission makes it clear that Appellees will be harmed. The Smiths' argument regarding the inequity of the Court's decision is unsupported by either citations to authority or developed logical arguments.

Eighth, the Smiths note that the Court characterized them as losing their property because of "their own inaction." The Smiths claim that the Court "justifie[d]" its decision based on this characterization, essentially adding as an element to § 548 relief a requirement that debtors demonstrate that their own inaction did not contribute to the transfer. No reasonable reading of this portion of the opinion could understand the Court as having added an additional element to § 548. Rather, the Court was simply providing an accurate characterization of

how the Smiths' property was lost and explaining why § 548 would be turned "on its head" if the Court adopted the Smiths' position.

Ninth, the Smiths argue that the Court concluded wrongly that adopting their position would wreak havoc on the balance between fraudulent transfer and foreclosure laws. Specifically, the Smiths assert that Appellees would not be harmed by avoiding the tax sale as a fraudulent transfer. For the reasons discussed already, this contention is wrong. The Smiths' other arguments are simply an impermissible attempt to reassert arguments that the Court resolved in its opinion.

The Smiths have not identified any point of law or fact that the Court overlooked or misapprehended and, thus, they have failed to satisfy their burden.

## IV. CONCLUSION

For the reasons stated herein, the Smiths' Motion for Leave to File a Reply [ECF No. 36] is granted. The Motion for Rehearing [ECF No. 29] is denied.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

Dated: 12/29/2014